UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LORENZO BORDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00305-WTL-DKL |
| ) | |
| DICK BROWN Supt., ) | |
| ) | |
| ) | |
| Respondents. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Lorenzo Borders for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 15-04-0003. For the reasons explained in this Entry, Borders's habeas petition must be **denied**.

### Discussion

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

**B. The Disciplinary Proceeding**

On April 2, 2015, Officer Jensen issued a Report of Conduct charging Borders with possession of cellular device. The Report of Conduct states:

> On 4/2/15 at approx. 1016 am I c/o Jensen witnessed offender Borders, Lorenzo DOC #946042 near cell 104. Offender Borders then tossed a small device wrapped in shrink wrap under cell 104.

Borders was notified of the charge on April 6, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Borders wanted to call Offender Keith Payton, Sergeant Mifflin, and Officer Jensen as witnesses. Borders also requested the video in front of cell 104

Officer Jensen provided a statement that said, "Offender Payton pulled out some pictures and that is when Offender Borders said 'That is what I passed to him[.]' Offender Payton then said 'yes that is what he gave me.' I c/o Jensen stand by my conduct report.'" Dkt. 10-7.

Sergeant Mifflin also provided a statement:

> I Sgt B. Mifflin during the incident was not present. I showed up when Offender Payton and Offender Borders were in the lower shower being strip[] search[ed] by c/o Jensen. During this time frame pictures (2 small) were handed over by Offender Payton. Offender Borders stated that those pictures is [sic] what he put under the door of Offender Payton. Offender Payton stated this to be what happened also.

Dkt. 10-8.

Offender Payton stated, "I don't have nothing to say on his behalf period." Dkt. 10-9.

A summary of the video recording was prepared and states: The video statement reflects that Borders entered the "PHU" from outside the cell house. He started walking up the stairwell in front of P-101. He stops when he sees an officer standing on the upper catwalk in front of P-215. Borders turns around and walks back downstairs. Borders walks under the upstairs catwalk, which is out of the officer's view, and proceeds to cell P-104. P-104 housed Payton, Keith #121364.

2

Offender Payton lived in P-104 by himself with no cell mate. Borders bends down and appears to slide something under the cell door of P-104. Borders leaves P-104 area and walks across the day room toward the wing officer, who is walking down the stairs. Borders is stopped by the wing officer and searched.

The Hearing Officer conducted a disciplinary hearing on April 13, 2015. Borders provided a written statement:

> On the date in question nor any other day, I never had possession of the claimed electronic device. That this was confirmed by Offender Payton's on [sic] statement to Officer Jensen and Sergeant Mifflin. That I Offender Borders 946042 gave him photographs under his door. Two people cannot have possession of the same item and the reporting officer can only report what he actually saw; which was I slid something under the door of cell 104. Again which was pictures! The electronic device that the Officer Jensen is claiming I had possession of was actually in Offender Payton's possession and on his person when the officer searched him. At no time did I ever have possession of the electronic device (phone) which Payton's statement to staff confirms.

Dkt. 10-11 at 2. Borders submitted an additional statement describing his version of the events:

> On 4-2-15, this particular day it was raining off and on, this made me carry my raincoat. At 10:15 [a.m.] when I left school … It wasn't at all raining so I had my raincoat and books in my left hand. And in my right hand I had three kites and one small pack of pictures. I was told that the two kites in which were going to cell "215" was very important and not to place them in no one else[']s hands. And one kite and pictures goes to cell "104."
> As I entered the unit I notice that once again (cell P-220) was being shook down so I proceeded up the stairs. About four or five stairs up the offender in (cell 104) call[ed] for me. He ask[ed] me if I had any pictures for him. I said as a matter of fact I do, I then slid what was his under the door. Once I gave cell "104" Offender K. Payton his pictures. I was stuck with these two kites.
> At this point Ofc Jensen instructed me to sit at the table. As Ofc Jensen came down stairs he did a pat down of my person. Ofc Jensen the[n] told this other "ofc" to pull offender Payton out of his cell, and placed him in the shower. Once this pat down of my person was completed and nothing was found on me. Officer Jensen left me and went straight to the other offender Payton. He ask[ed] offender Payton what did Borders give you?! Offender Payton replied my "pictures." Sergeant Mifflin then arrived on the unit and at that time I informed him that I had given Offender Payton his pictures. Which Offender Payton confirms and again told Sgt. Mifflin an[d] the other officers the same thing. Offender "Payton" produced some of the pictures I gave him which these pictures were placed in Sgt. Mifflin[']s pocket by his Mexican officer.

3

> The facts of this case is that the cell phone recovered was not found on my possession and the individual who was caught with it, admitted to the officers that I did not slide no phone under his door. I only slid him his photo[]s. Officer Jensen clearly made a mistake when he stated that I tossed a small device wrapped in shrink wrap under cell 104. According to the summary of video recording by the Disciplinary Hearing Board. It does not say I slid a small device wrapped in shrink wrap under cell 104. It states: Borders bends down and appears to slide something under the cell door of P-104. Again it is confirmed through Sgt. Mifflin and Ofc. Jensen by offender Payton that I only gave him pictures under his door.

Dkt. 10-11 at 3-4 (capitalization modified).

The Hearing Officer found Borders guilty of possession of cellular device in violation of Code A-121. The recommended and approved sanctions included a written reprimand, a one-month loss of phone privileges, six months of disciplinary segregation, and the loss of 100 days of earned credit time. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Borders appeal to the Facility Head was denied on May 7, 2015. Borders then appealed to the Final Reviewing Authority without success.

### C. Analysis

Borders raises two issues in his petition for writ of habeas corpus. But only one of the issues was raised in his administrative appeals, namely whether the evidence was sufficient to support the guilty finding.

#### 1. Written Statement

Borders claims that he was denied a written statement with the reasons for the guilty finding issued by the Disciplinary Hearing Board after the hearing. No relief is warranted on this basis. The reason for this ruling is that Borders did not raise this argument during his administrative appeals. Before seeking federal habeas relief, an offender must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads v. Hanks*,

280 F.3d 728, 729 (7th Cir. 2002). An offender's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted. *Id.*; *see also Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). Accordingly, this ground for relief is dismissed.

### 2. Sufficiency of the Evidence

Borders claims that he is entitled to relief because he is not guilty of possessing a cellular device. This argument challenges the sufficiency of the evidence.

In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt." *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report and video evidence that Borders possessed a cellular device before passing it to Offender Payton.

Borders points to his statement that he passed pictures under the door and not the device. He also points to Payton's initial comment to Officer Jensen to that effect. However, Officer Jensen saw Borders toss a small device wrapped in shrink wrap into Payton's cell. The video depicts Borders passing an item under Payton's cell door. The device wrapped in shrink wrap was recovered immediately thereafter. The fact that Officer Jensen identified the object that Borders

5

slid under the door as the cellular device instead of pictures is sufficient to satisfy the "some evidence" standard. *Hill*, 472 U.S. at 454.

It is possible that another impartial decision maker could have accepted Borders's statement that he never possessed the device. But this Court will not reweigh the evidence and the witnesses' credibility. The evidence was sufficient to support the guilty finding. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Borders to the relief he seeks. Accordingly, Borders's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  12/29/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LORENZO BORDERS, DOC # 946042
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel